SCHOOL DISTRICT No. 76 v. C. A. RYKER, *as County Treasurer*.

**No. 12,967.** (68 Pac. 34.)

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL DISTRICTS—*Special Act Upheld.* Where territory was for several years known and designated by county officers and the public generally as school district No. 24, and so described on the tax-rolls, an act of the legislature attaching another district to it, in which it was designated as district No. 24, will not be declared void for uncertainty, although a large part of district No. 24 was at the time within the limits of a city of the second class, and its affairs administered and controlled by the board of education of such city.

2. ——— *Tax Levy in Cities—Approval by City Council.* The power conferred on a city council by section 6313 of the General Statutes of 1901, to approve the annual tax levies made by the board of education of a city of the second class, is not to be construed as a grant of authority to be exercised on behalf of the city. Councilmen when considering such levies act as *ex officio* members of the board of education, and are not engaged in the performance of municipal functions.

Original proceeding in mandamus. Opinion filed March 8, 1902. Judgment for respondent.

*Geo. A. Vandeveer*, and *F. L. Martin*, for relator.

*Carr W. Taylor*, county attorney, and *J. M. Brown*, for respondent.

The opinion of the court was delivered by

SMITH, J. : School district No. 76 of Reno county seeks in this proceeding to compel the county treasurer to pay over to it taxes collected by him for school purposes for the year 1900 on property included within the boundaries of that district before the passage of chapter 338 of the Laws of 1901. The relevant parts of the act referred to read :

"SECTION 1. That school district No. 76, Reno

School District v. Ryker.

county, Kansas, be and the same is hereby disorganized, and the territory comprising said district No. 76, be and the same is hereby attached to and made a part of school district No. 24, Reno county, Kansas.

"SEC. 2. That the property and funds belonging to said school district No. 76 shall, after the publication of this act, become the property of school district No. 24."

It seems that at the time of the passage of this act there was not, in fact, any school district in Reno county legally known as No. 24. The territory comprising the city of Nickerson, a city of the second class, when it was referred to in connection with school matters, has been uniformly designated as district No. 24.

The agreed facts in the case are as follows:

"That the city of Nickerson and several sections of land beyond its corporate limits constituted school district No. 24 before said city became a city of the second class, and was such school district No. 24 at the time said city became a city of the second class, in the year 1888, and that ever since said district has been recognized as said school district No. 24 by the school board or board of education of the city of Nickerson, and by the county superintendent, the county clerk and the county treasurer of Reno county, Kansas, and that all moneys received and paid out by the county treasurer for said district have been received and paid out in the name of school district No. 24, and that during all of said time said district has been carried on the rolls of Reno county, Kansas, as school district No. 24."

To the parties in interest there can be no uncertainty concerning the geographical division of territory to which district No. 76 was attached by the statute above set out. It is an old maxim of the law that "that is sufficiently certain which can be made certain." (Broom's Legal Maxims, p. 555.)

It is contended by counsel for the plaintiff that the act of 1901 disorganizing district No. 76 and attaching it to district No. 24 is, in its effect, a special act conferring corporate powers, not only on the board of education but also on the city of Nickerson. Section 6313 of the General Statutes of 1901, which has relation to public schools in cities of the second class, reads :

"That the board of education shall on or before the fifteenth day of August of each year levy a tax for the support of the schools of the city for the fiscal year next ensuing, not exceeding in any one year fifteen mills on the dollar, on all personal, mixed and real property within the district, which is taxable according to the laws of the state of Kansas, which levy shall be approved by the city council ; and when so approved the clerk of the board shall certify to the county clerk, who is hereby authorized and required to place the same on the tax-roll," etc.

To support their argument, counsel refer to the case of *The State v. Addis*, 59 Kan. 762, 54 Pac. 1065, where it was held :

"Before a levy of taxes for the support of schools by a board of education in a city of the second class becomes effective it must have the approval of the city council—not a mere perfunctory approval, but the intelligent assent and concurrence of that body."

While it is true that the city council possesses a veto power on the action of the board of education in the matter of levying taxes on the territory formerly comprising district No. 76, yet we do not interpret the act of 1901, which brings the school district within the scope of such authority, as an act conferring corporate powers.

It is no objection to the validity of the act that corporate powers are conferred on the board of education

by a special law.   The board of education is a *quasi*-corporation.   (*Beach v. Leahy, Treasurer*, 11 Kan. 23.)

The city council, in whatever it does concerning the levy made by the board of education for school purposes, does not act for the city, but advisory to the members of the board of education.   The members of the city council, when considering tax levies made by the board of education for school purposes, act *ex officio* as members of the school board.   The same power which the council possesses might have been conferred by law on the county clerk or any board other than the governing body of an incorporated city.   The county superintendent of public instruction might have been vested with it.   The power which the council exercises in the respect mentioned is not a municipal function.   It does not pertain to authority which is to be exercised for and on behalf of the city.

Judgment will be entered in favor of the respondent.

CUNNINGHAM, GREENE, JJ., concurring.